INDICTMENT.              **Commonwealth *vs* Jackson.**

*Case* 130.              ERROR TO THE FAYETTE CIRCUIT.

*Importation of slaves. Legislative power. Executive power.*

*May* 28.     CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

To an indictment
for importing
slaves, contrary
to the provisions
of the statute of
1833, it is a good
defence to plead
that defendant
had since taken
and registered
the oath pre-
scribed by the
statute of 1841,
to emigrants who
had, in good
faith, imported
slaves, but had
failed to take the
oaths required by
the act of 1833.

To an indictment against *John Jackson* for importing slaves into Fayette county in this State, in violation of the prohibitory statute of 1833, he pleaded that he had since taken and registered the oath as prescribed by the statute of 1841, to emigrants who had imported slaves in good faith, but had failed to take the oath required by the first of said enactments; only because they were ignorant of the requisition.

And the Circuit Court having overruled a demurrer to that plea, rendered a final judgment in favor of the accused.

The plea was certainly good, if the act of 1841 be available. And that it may effectually exonerate, from the penalty of the statute of 1833, all who shall have fulfilled the conditions prescribed by it, we cannot doubt.

Though a penal
statute be vio-
lated, yet if, be
fore the penalty
be inflicted, the
statute be re-
pealed, no judg-
ment for the pen-
alty can be ren-
dered. So if it
be modified, no
judgment can be
rendered exceed-
ing the penalty
left in force.
The power to re-
peal includes the
power to modify.

Had the Legislature repealed instead of modifying as it did, the act of 1833, *Jackson*, though he may have been guilty of violating that statute before the repeal of it, could not have been punished, because no judgment of conviction could have been rendered against him without a law in force at the date of the judgment, authorizing the Court to render it. The power to repeal, necessarily including that of modifying or suspending, the act of 1841 is as efficacious in Jackson's favor as an unqualified repeal of the entire statute would have been.

Our constitution has wisely distributed all local sovereignty among three organized departments, and as wisely declared that no one of these departments shall exercise any power properly belonging to another. And this is perhaps the most conservative provision in our organic law.

But it has not, in our opinion, been violated by the enactment of 1841 ; for though the constitution confides to the *Governor* the high power to pardon offences and remit penalties, nevertheless the supplemental and qualifying act of 1841 cannot be deemed a pardon or remission in the constitutional sense. It is general, permanent, prospective, and comprehensive. It conditionally repealed the act of 1833 and abolished the offence denounced therein; and in consequence of its provisions, *Jackson* is guilty of no offence which the Governor could pardon. A pardon is a liberation of the guilty from the punishment of the violated law. The act of 1841 abolishes the law. A pardon rescues an *individual* from the law. In the one case the offence and the law both continued to exist, in the other there is neither subsisting, offence nor violated law. Both the offence and the violated law have been abolished, as to Jackson, by the statute of 1841. But when the Governor pardons, both the offence and the offended law still subsists, the punishment only being remitted. The Legislature has remitted the crime itself, and virtually repealed the law which denounced it. The act of 1841 was, therefore, legislative and not executive.

The statute of 1841 being, therefore, effectual in this case, we will not discuss the constitutionality of all or any of the provisions of the statute of 1833. For whatever may be our opinions upon that entire subject, yet it would be premature and extra-judicial to express them in a case to which the statute of 1833 does not apply.

Judgment affirmed.

*Cates, Atto. Gen.* for Commonwealth; *Robinson & Johnson* for defendant.

The constitutionality of the act of 1833 not involved and, therefore, not decided.